IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:15-CR-044-D |
| RICHARD ANDREWS (25) | |

## PLEA AGREEMENT

Richard Andrews, the defendant, and Robert Smith, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Andrews understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Andrews waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information, Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), the penalty for which is found at 18 U.S.C. § 1956(a)(1)(B)(i) and § 1956(h).   Andrews

understands the nature and elements of the crime to which he is pleading guilty and agrees that the factual resume he has signed is true and will be submitted as evidence.

    3.    **Sentence**:   The maximum penalties the Court can impose are:

        a.    imprisonment for a period of no more than 20 years;

        b.    a fine not to exceed $500,000, or twice the value of the property involved in the transaction, whichever is greater;

        c.    a term of supervised release of not more than five years, which may be mandatory under the law and will follow any term of imprisonment. If Andrews violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

        d.    a mandatory special assessment of $100;

        e.    restitution to victims or to the community, which is mandatory under the law and which Andrews agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

        f.    costs of incarceration and supervision; and

        h.    forfeiture of property.

    4.    **Possible immigration consequences**:   Andrews recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Andrews is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Andrews understands that no one, including his attorneys or the Court, can predict to a certainty the effect of his conviction on his immigration status. Andrews nevertheless

affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

5. **Court's sentencing discretion and role of the Guidelines**: Andrews understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines ("Guidelines"). The Guidelines are not binding on the Court but are advisory only. Andrews has reviewed the Guidelines with his attorney but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case. Andrews fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Defendant's agreement**: Andrews shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Andrews shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Andrews expressly authorizes the United States Attorneys's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Andrews fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Andrews agrees that such a schedule

represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Andrews understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Forfeiture of property:** Andrews agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment and any bills of particulars, or seized or restrained by law enforcement officers during the investigation related to this criminal cause. Andrews consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Andrews agrees to provide truthful information and evidence necessary for the government to forfeit such property. Andrews agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Government's agreement:** The government will not bring any additional charges against Andrews based upon the conduct underlying and related to his plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment(s). The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Andrews or any property.

9. **Violation of agreement**: Andrews understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Andrews for all offenses of which it has knowledge. In such event, Andrews waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Andrews also waives objection to the use against him of any information or statements he has provided to the government and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.

11. **Waiver of right to appeal or otherwise challenge sentence**: Andrews waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Andrews, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**:   Andrews has thoroughly reviewed all legal and factual aspects of this case with his lawyers and is fully satisfied with his lawyers' legal representation.   Andrews has received from his lawyers explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.   Because he concedes that he is guilty, and after conferring with his lawyers, Andrews has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[nothing further on this page]

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 26 day of July, 2016.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
RICHARD ANDREWS
Defendant

_____
MARY F. WALTERS
Assistant United States Attorney
Texas Bar No. 24003138
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Tel:   214.659.8600
Fax:   214.659.8803
Email: mary.walters@usdoj.gov

_____
RICK CALVERT
Deputy Criminal Chief

_____
ROBERT SMITH
Attorney for Defendant

Plea Agreement - Page 7

## CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorneys. I fully understand it and voluntarily agree to it.

_____  26 July 2016
RICHARD ANDREWS             Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  26 July 2016
ROBERT SMITH                Date
Attorney for Defendant