IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:15-CR-044-D(25) |
| | § | |
| RICHARD ANDREWS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Richard Andrews, D.O. ("Dr. Andrews") has written the court a June 3, 2022 letter, which the clerk of court docketed at the court's direction on June 10, 2022, in which he requests that the court clarify the date of his full release and consider him for expedited release. Treating Dr. Andrews' letter as a motion, the court denies it because the U.S. Bureau of Prisons ("BOP") is the authority that calculates in the first instance whether an inmate has completed the service of his sentence.

I

On December 1, 2015 Dr. Andrews was charged with drug crimes in a 22 count superseding indictment. He ultimately pleaded guilty to a second superseding information, which charged him with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). On May 26, 2017 the court sentenced Dr. Andrews to 96 months' imprisonment. He did not appeal his conviction or sentence.

On June 3, 2022 Dr. Andrews signed the letter that the court is treating as a motion. It appears from Dr. Andrews' letter that he is serving his prison sentence in a non-custodial setting.

His release date, as shown on the BOP website, is May 3, 2023. But Dr. Andrews asserts in his letter that he has been told that he would be eligible for release on October 20, 2021, as calculated under the First Step Act. Dr. Andrews notes that his daughter is planning to get married on December 3, 2022, and he states that, if possible, he would like to participate in the festivities.

II

The authority to give an inmate credit or otherwise administer his sentence lies with the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *see also* 18 U.S.C. § 3621(a). "The BOP—as opposed to the federal courts—is the entity authorized to determine *where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *United States v. Cibrian*, 374 Fed. Appx. 524, 529-30 (5th Cir. 2010) (per curiam) (citing 18 U.S.C § 3621). If the BOP miscalculates an inmate's sentence calculation or release date, it has the authority to correct the error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (an agency should be given the opportunity to correct its errors before an aggrieved party seeks judicial intervention). Decisions of the BOP regarding sentence calculations are subject to judicial review under an abuse of standard discretion. *McCarthy v. Doe*, 146 F.3d 118, 123 n.4 (2d Cir. 1998); *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990).

\*   \*   \*

Because the BOP, not this court, is the authority that calculates in the first instance whether an inmate has completed the service of his sentence, and treating Dr. Andrews' letter as a motion,

the court denies the motion.

**SO ORDERED**.

June 23, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE